Yinyao ZHANG, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–73196.

Agency No. A95–315–380.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 19, 2005.

Yinyao Zhang, Alhambra, CA, Pro Se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jennifer Lightbody, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM**

Yinyao Zhang, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA")

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

decision summarily affirming an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Akinmade v. INS*, 196 F.3d 951, 954 (9th Cir.1999), we grant the petition for review and remand for further proceedings.

■ Substantial evidence does not support the IJ's adverse credibility determination. First, the IJ's disbelief of portions of Zhang's testimony was improperly based upon conjecture and speculation. *See Lopez–Reyes v. INS*, 79 F.3d 908, 912 (9th Cir.1996). Specifically, the record contains no evidence to substantiate the IJ's opinions as to (1) the difficulty Zhang should have experienced in leaving China undetected, (2) how much money Zhang's family would have paid for him to leave the country, and (3) the time it would take to mobilize a 300–person strike in Zhang's Shanghai textile factory. Accordingly, these grounds cannot support an adverse credibility finding. *See id.*

■ Second, the IJ faulted Zhang for failing to corroborate his testimony that he was a member of a labor union in Shanghai. However, Zhang did submit a notice from the Shanghai Labour Reform Committee which confirms that Zhang participated in union activities. *See Sidhu v. INS*, 220 F.3d 1085, 1091 (9th Cir.2000) ("where an applicant produces credible corroborating evidence to buttress an aspect of his own testimony, an IJ may not base an adverse credibility determination on the applicant's failure to produce additional evidence that would further support that particular claim"). Moreover, Zhang was not given an opportunity to explain why he did not produce more specific evidence corroborating his union membership. *See id.*

Accordingly, we grant the petition for review and remand to the BIA for further proceedings to determine whether, accepting Zhang's testimony as credible, he is entitled to asylum, withholding of removal, or relief under the CAT. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**